Entered: November 2nd, 2016
Signed: November 1st, 2016

**SO ORDERED**



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| IN RE: | Case No. 16-21547-WIL |
| JOSEPH C. STROZIER | |
|     Debtor | Chapter 13 |

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2012 SC2 TITLE TRUST C/O
RUSHMORE LOAN MANAGEMENT SERVICES LLC
    Movant
v.
JOSEPH C. STROZIER
    Debtor/Respondent
and
LATONYA D. STROZIER
    Co-Debtor/Co-Respondent
and
TIMOTHY P. BRANIGAN
    Trustee/Respondent

**CONSENT ORDER MODIFYING THE AUTOMATIC STAY, TERMINATING CO-DEBTOR STAY AND IMPOSING AN EQUITABLE SERVITUDE FOR ONE YEAR ON THE PROPERTY LOCATED AT 2108 RACQUET PLACE, WALDORF, MD 20601**

U.S. Bank, National Association as Legal Title Trustee for Truman 2012 SC2 Title Trust c/o Rushmore Loan Management Services LLC ("Movant"), Respondent, Joseph C. Strozier ("Debtor") and Latonya D. Strozier ("Co-Debtor") have reached an agreement in this matter, as follows. The Chapter 13 Trustee has not filed a response and consequently is not objecting to the relief requested.

Upon review of the Motion for Relief from Automatic Stay filed herein by Movant and the agreement of the Debtor and Co-Debtor, it is ORDERED that:

The Co-Debtor stay 11 U.S.C. §1301 is TERMINATED and the Automatic Stay of 11 U.S.C. § 362(a) is hereby MODIFIED to permit Movant to cause the commencement or continuation of a foreclosure proceeding, and/or to pursue other means, as permitted by the terms of the Deed of Trust securing the Movant and as permitted by applicable law, of obtaining or transferring, title to the real property belonging to Debtor and Co-Debtor and known as 2108 Racquet Place, Waldorf, MD 20601 (the "Property"), and allowing the purchaser or transferee to obtain possession of same.

IT IS FURTHER ORDERED that the this Consent Order Modifying the Automatic Stay, Terminating Co-Debtor Stay and Imposing and Equitable Servitude for One Year on the Property Located at 2108 Racquet Place, Waldorf, MD 20601 ("Consent Order") is stayed, provided that the Debtor:

1. makes the regular monthly payment of $2,298.79, subject to periodic changes, on or before November 1, 2016, and on the 1st day of each month thereafter, as they become due, pursuant to the terms of the Promissory Note secured by the Deed of Trust on the above-referenced property. This shall include the payment of all real estate taxes and hazard insurance as they become due; and

2. cures the post-petition arrears, calculated as follows:

| | | |
|---|---|---|
| Two missed payment(s) of $2,298.79 (September 1, 2016 through October 1, 2016) | = | $4,597.58 |
| Motion for Relief Attorney Fee | = | $850.00 |
| Motion for Relief Filing Fee | = | $176.00 |
| Less Post-Petition Suspense Balance | = | $(0.00) |
| Total Post-Petition Default | = | $5,623.58 |

by making a payment to Movant in the amount of $937.28 (said figure represents one-sixth [1/6] of Debtor's post-petition arrears) on or before November 15, 2016, and continues making payments of $937.26 on or before the 15th day of each month and every month thereafter, through and including April 15, 2017.

IT IS FURTHER ORDERED that all payments to the Movant shall be made payable to:

> Rushmore Loan Management Services LLC
> P.O. Box 52708
> Irvine, CA 92619-2708

IT IS FURTHER ORDERED that if any payment or portion of any payment required to be made hereunder is not received by Movant by the date that it is due, including any payment due on or after November 1, 2016, the Debtor shall be deemed to be in default under this Consent Order. In such event, Movant's attorney shall file a Notice of Default ("Default") with this Court stating the amount due under this Consent Order and shall mail a copy of said Default to the Debtor and to Debtor's

attorney. If, within ten (10) days of the date of said Default, the Debtor does not cure the default by paying the amount stated in the Notice of Default, the automatic stay shall TERMINATE and Movant shall be free to immediately commence or continue a foreclosure proceeding without any further proceeding in this Court.  Additionally, failure to timely cure the default shall result in the imposition of an Equitable Servitude for a period of ONE (1) YEAR against the Property.  Such Equitable Servitude shall prevent any stay under 11 U.S.C. § 362(a) and § 1301 from attaching to the Property for a period one year from the date of the Notice of Default, by reason of any new bankruptcy being filed by any person holding an interest in the Property.

IT IS FURTHER ORDERED that any cure of the Notice of Default must include all amounts set forth therein, including attorney's fees resulting from the Debtor's default, as well as any payments which have subsequently become due under the terms of the Consent Order, and that are due at the time Debtor tenders funds to cure the default.

IT IS FURTHER ORDERED that acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice of Default and, in the absence of complete cure of the default, the automatic stay shall terminate on the expiration of the cure period and an Equitable Servitude for a period of one year shall be imposed on the Property (from the date of the Notice of Default).

IT IS FURTHER ORDERED that should the Debtor or Co-Debtor object to the Notice of Default on any grounds, other than being current under the terms of this Consent Order, the provisions of this order terminating the Automatic Stay and imposing an equitable servitude shall remain in effect unless and until this Court issues a further order re-imposing the Automatic Stay.

IT IS FURTHER ORDERED that the Debtor shall have only one opportunity to cure a default under this Consent Order and that upon the filing of a Second Notice of Default, the automatic stay shall terminate and Movant shall by free to immediately commence or continue a foreclosure proceeding against the Property without any further proceeding in this Court.  Additionally, an Equitable Servitude for a period of one year from the date of filing of a Second Notice of Default shall be imposed on the Property. Such Equitable Servitude shall prevent any stay under 11 U.S.C. § 362(a) and § 1301 from attaching to the Property for a period one year from the date of the Notice, by reason of any new bankruptcy being filed by any person holding an interest in the Property.

IT IS FURTHER ORDERED that in the event the Debtor converts this case to a case under another Chapter of the U.S. Bankruptcy Code or this case is dismissed, the automatic stay provided for by 11 U.S.C. §362 (a) of the United States Bankruptcy Code shall be terminated as to the Debtor's interest without any further proceeding in this Court and an Equitable Servitude for a period of one year from the date of the Order converting this bankruptcy case or the date of the Order dismissing this bankruptcy case shall be imposed on the Property. Such Equitable Servitude shall prevent any stay under 11 U.S.C. § 362(a) and § 1301 from attaching to the Property for a period one year from the date of the Order dismissing or converting, by reason of any new bankruptcy being filed by any person holding an interest in the Property.

IT IS FURTHER ORDERED that Debtor consents that any and all communications including but, not limited to, notices required by state law, sent by Movant in connection with any and all

proceedings against the property may be sent directly to the Debtor.

  IT IS FURTHER ORDERED this Agreed Order applies to any successor in interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

/s/ *James G Bell*
_____
James Bell, Esq., MD Fed. Bar No. 19675
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852
301-961-6555
301-961-6545 (facsimile)
*Counsel for the Movant*

/s/ *Edward C. Christman*
_____
Edward C Christman, Jr.
810 Gleneagles Court, Suite 301
Towson, MD 21286
*Counsel for Debtor and Co-Debtor*


In addition to the above parties, the order has been signed by the debtor and co-debtor personally.

BWW#: MD-160939

## CERTIFICATION OF CONSENT

I HEREBY CERTIFY that the terms of the copy of the agreed order submitted to the Court are identical to those set forth in the original agreed order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original agreed order.

/s/ *James G Bell*
_____
James Bell, Esq.


cc:

BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

Timothy P. Branigan, Trustee
14502 Greenview Drive, Suite 506
Laurel, MD 20708

Edward C Christman, Jr.
810 Gleneagles Court, Suite 301
Towson, MD 21286

Joseph Strozier
2108 Racquet Place
Waldorf, MD 20601

Latonya Strozier
2108 Racquet Place
Waldorf, MD 20601


**END OF ORDER**